IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARQUIS BROWN EL-BEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 16-401-GMS |
| ) | |
| DAVID PIERCE, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

I. **BACKGROUND**

Presently pending before the court is petitioner Marquis Brown-El-Bey's ("Brown-El-Bey") petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I. 2), and a motion for leave to proceed *in forma pauperis* (D.I. 1). Brown-El-Bey appears to be challenging his convictions for possession of a deadly weapon by a person prohibited and carrying a concealed weapon on the ground that the Superior Court lacked jurisdiction to convict him because he is a "Moorish American." (D.I. 2; D.I. 2-1)

II. **DISCUSSION**

A district court judge may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. Although not entirely clear, Brown-El-Bey appears to assert that he is immune from the laws of the United States because he is a Moorish citizen and, therefore, his convictions should be reversed and he should be released from his incarceration in a Delaware correctional institution. This argument has no basis in law or fact. Regardless of

Brown-El-Bey's nationality or religion, he is subject to the laws of the jurisdiction in which he resides. *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, 28 U.S.C. foll. § 2254 (authorizing summary dismissal of § 2254 applications); *see, e.g., Jones-Bey v. Alabama,* 2014 WL 1233826, at *3 (N.D. Ala. Mar. 25, 2014)("There is no basis in the law for such a claim" that the State of Alabama did not have jurisdiction to prosecute and imprison petitioner based on his ancestry as a "Moorish American."); *Bey v. Bailey,* 2010 WL 1531172, at *4 (S.D.N.Y. Apr. 15, 2010)("the suggestion that Petitioner is entitled to ignore the laws of the State of New York by claiming membership in the Moorish-American nation is without merit and cannot be the basis for habeas relief."); *Osiris v. Brown*, 2005 WL 2044904, at *2-*3 (D. N.J. Aug. 24, 2005); *see also Byrd v. Blackman*, 2006 WL 2924446, at *1 n.1 (E.D. Pa. Oct. 5, 2006)(explaining the background of the Moorish beliefs). Although Brown-El-Bey attempts to disguise his argument by alleging a violation of the ex post facto clause, his challenge to his convictions is premised entirely on his status as a "Moorish American." Therefore, the court will summarily dismiss the instant petition because Brown-El-Bey has failed to assert a basis for federal habeas relief. In turn, the court will dismiss as moot Brown-El-Bey's motion for leave to proceed *in forma pauperis*.

### IV. CONCLUSION

For the reasons set forth above, the court will summarily dismiss Brown-El-Bey's petition for federal habeas relief. The court will also decline to issue a certificate of appealability because Brown-El-Bey has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470

(3d Cir. 1997). A separate order will be entered.

Dated: ___July 22___, 2016

                                                UNITED STATES DISTRICT JUDGE